UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re:

DEMETRIUS BERTRAND DICKERSON,
SR.,

               Debtor.

_____

DEMETRIUS BERTRAND DICKERSON,
SR.,

               Appellant,

    v.

MERCHANTS CREDIT CORPORATION,

               Appellee.

C19-143 TSZ

ORDER

THIS MATTER comes before the Court on an appeal from the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"). For the reasons stated in this order, the Court AFFIRMS in part and REVERSES in part the Bankruptcy Court's ruling.

**Background**

This case arises out of a motion for sanctions filed by Demetrius Bertrand Dickerson, Sr. (the "Debtor") against Merchants Credit Corporation ("Merchants") for a discharge violation. The Debtor asserts Merchants violated the discharge injunction

issued under 11 U.S.C. § 524(a)(3) by garnishing the wages of his non-debtor spouse. After a hearing, the Bankruptcy Court entered detailed Findings of Fact and Conclusions of Law (ER 0286-0298) and concluded that civil contempt sanctions were not appropriate under either 11 U.S.C. § 105 or the Court's inherent power. The Debtor does not challenge the Bankruptcy Court's Findings of Fact. Rather, the Debtor challenges the legal conclusions reached by the Bankruptcy Court based on the Findings of Fact.

**Discussion**

 A. Section 105 Standard under *Taggart*

  The Bankruptcy Court concluded that "to prove a sanctionable violation of the discharge injunction, the Debtor must show by clear and convincing evidence that Merchants lacked a good faith belief that the discharge injunction applied to its claim, even if such belief was unreasonable." ER 0295. The Bankruptcy Court's conclusion was based on then existing Ninth Circuit precedent in *Lorenzen v. Taggart (In re Taggart)*, 888 F.3d 438 (9th Cir. 2018), which held that "good faith," even if unreasonable, would insulate a creditor from a finding of contempt. Subsequent to the Bankruptcy Court's ruling, the United States Supreme Court reversed the Ninth Circuit, overturned the "good faith" standard, and clarified that "a court may hold a creditor in civil contempt for violating a discharge order if there is *no fair ground of doubt* as to whether the order barred the creditor's conduct." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019) (emphasis in original). In other words, civil contempt may be appropriate "if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Id.*

The Court concludes that in light of the new standard for judging violations of 11 U.S.C. § 524, the Bankruptcy Court's Conclusions of Law based on the good faith standard was error. The Court reverses that ruling and the case is remanded to the Bankruptcy Court to apply the correct legal standard to the facts of this case. In the event the Bankruptcy Court concludes sanctions are appropriate, it should determine the amount of sanctions appropriate under the circumstances.

B.    Inherent Authority Sanctions

Inherent authority sanctions are only appropriate upon specific findings of bad faith or willful misconduct. _Knupfer v. Lindblade (In re Dyer)_, 322 F.3d 1178, 1196 (9th Cir. 2003). The Bankruptcy Court indicated that it was "not able to make a specific finding of bad faith or willful misconduct." ER 0297. The Bankruptcy Court applied the correct standard of bad faith or willful misconduct, and its findings are entitled to "great deference." _See_ _Evon v. Law Offices of Sidney Mickell_, 688 F.3d 1015, 1035 (9th Cir. 2012). Based on the findings of fact of the Bankruptcy Court and its application of the proper standard, the Court AFFIRMS the Bankruptcy Court's legal conclusion that sanctions were not appropriate under its inherent authority.

**Conclusion**

For the foregoing reasons, the Court enters this ORDER:

(1)    The decision of the Bankruptcy Court is REVERSED in part and this matter is REMANDED to the Bankruptcy Court to determine whether sanctions are appropriate under the "no fair ground of doubt" standard announced in the _Taggart_

decision and, if so, what amount of sanctions, if any, should be assessed under all the
circumstances.

(2)     The Bankruptcy Court's decision is AFFIRMED in part with respect to its
refusal to award sanctions under its inherent authority.

(3)     The Clerk is directed to enter judgment consistent with this Order and to
send a copy of this Order and the Judgment to all counsel of record and to the
Honorable Marc Barreca.

IT IS SO ORDERED.

Dated this 11th day of October, 2019.

Thomas S. Zilly
United States District Judge